## Charles F. Prentiss *vs.* Milton Barnes.

It is not necessary, under Gen. Sts. c. 129, § 2, to set out in detail the elements of damages sought to be recovered in an action, but under a general averment all such damages may be recovered as naturally flow from the cause of action described in the declaration.

In an action to recover damages for breach of the condition of a bond to remove a barn standing upon the defendant's land to a greater distance from the plaintiff's house, the defendant cannot reduce the damages by evidence that he has allowed the plaintiff to use the barn gratuitously.

CONTRACT upon a bond executed by the defendant to the plaintiff in the sum of $300, with condition that the defendant should within a certain time remove a barn standing upon his premises to a greater distance from the plaintiff's house, which was upon the adjoining land. The declaration alleged a failure to remove the barn, and a continuance to keep and use it where it originally stood, " thereby sustaining a great nuisance to the plaintiff, by reason of the offensive smells and other annoyances arising from the defendant's use and occupation of said barn," with the usual general averment of damages.

At the trial in the superior court, before *Rockwell*, J., the execution and breach of the bond were admitted. The plaintiff was allowed to introduce evidence of the character of the defendant's use and occupation of the barn, and that the water in rain storms ran from the barn and the heaps of manure there collected, into his cellar and upon his lot, and washed the manure from said barn into the mouth of a certain ditch on the plaintiff's premises ; thereby partly obstructing the flow of water through said ditch. To this evidence, the defendant objected

on the ground that the declaration did not allege such grievance with substantial precision.

The evidence disclosed the fact that, after the expiration of the time within which the defendant was bound to remove the barn, the plaintiff during one season used and occupied the same with the assent of the defendant, at his own pleasure, free from the payment of any rent; and the defendant requested the court to instruct the jury that if the plaintiff had thereby received benefit sufficient to equal the amount of injury sustained by him from the failure to remove the barn, they should find nominal damages only.   The judge declined so to rule.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*E. H. Lathrop*, for the defendant, cited, as to the question of pleading, *Read* v. *Smith*, 1 Allen, 521; *Tarbell* v. *Gray*, 4 Gray, 446; and as to the question of damages, *Pond* v. *Merrifield*, 12 Cush. 181.

*M. Wilcox*, for the plaintiff.

BIGELOW, C. J.   The practice act, Gen. Sts. *c.* 129, § 2, does not require that the plaintiff shall set out specifically or in detail the elements or grounds of the damages which he seeks to recover, but only " the substantial facts necessary to constitute the cause of action."   Under the general allegation of damage he has a right to recover all the damages which are the natural or necessary consequences of the cause of action set forth in the declaration.   In this respect, the rule at common law remains unchanged.   It is only when special or peculiar damages are claimed that it is necessary to aver them specifically.   As the evidence offered at the trial tended only to show the natural results which followed from the nuisance which the defendant by his contract had agreed to remove, it was rightly admitted and was proper for the consideration of the jury.

The evidence offered by the defendant was incompetent to show any ground for diminishing or abating the damages which the plaintiff was entitled to recover for a breach of the bond.   It appears that the use of the building was a gratuity, for which no charge or claim was to be made by the defendant.   It

was on this understanding that the plaintiff made use of the premises. The defendant cannot convert that which was offered by him and received by the plaintiff as a favor or license without recompense into a debt or a claim, in the nature of a set-off against the damages which the plaintiff is entitled to recover. Such a defence is not only contrary to the original intent and agreement of the parties, but is a violation of good faith. Chit. Con. (7th Amer. ed.) 542, a. *Guild* v. *Guild*, 15 Pick. 129. *Andrus* v. *Foster*, 17 Verm. 556. *Exceptions overruled.*